UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| KELLY BARKER,<br><br>      Petitioner,<br><br>vs.<br><br>WARDEN FPC YANKTON,<br><br>      Respondent. | 4:25-CV-04053-KES<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND REJECTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

  Petitioner, Kelly Barker, filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. Docket 1. Barker seeks an order directing respondent, Warden FPC Yankton, to apply the appropriate First Step Act (FSA) earned time credits to his sentence. *See id.* at 6-7. The petition was assigned to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and D.S.D. Civ. LR 72.1.

  The magistrate judge filed a report and recommended granting Barker's request for relief, namely, that the court order respondent to recalculate Barker's sentence relying upon 18 U.S.C. § 3585(a) and to disregard BOP Policy, 28 C.F.R. § 523.42. Docket 15 at 9. Respondent timely filed objections to the Report and Recommendation. Docket 16. Barker also filed an emergency motion for resolution of respondent's objections. Docket 18.[1] The court issues the following order.

---

[1] Because the court grants respondent's motion to dismiss Barker's § 2241 petition, Barker's emergency motion to advance (Docket 18) is denied as moot.

**BACKGROUND**

On August 26, 2021, Barker was sentenced to 120 months' imprisonment with 5 years' supervised release to follow.[2] CR Docket 47; CR Docket 48 at 2-3. Barker was credited for 186 days' time served. CR Docket 48 at 2. At the time of his sentencing, Barker was remanded into the custody of the United States Marshal. *Id.* Approximately six months later, on February 18, 2022, Barker was transported from the Pennington County Jail to FPC Yankton. Docket 1 at 6; Docket 11 ¶¶ 5-6. Barker is eligible and has been earning credits[3] under the FSA[4] since February 18, 2022. Docket 11 ¶¶ 5-6. As of April 2, 2025, Barker had received 365 days of FSA credit toward his early

---

[2] The court cites to documents filed in Barker's criminal case, 5:20-CR-50086-JLV, as "CR" followed by the docket number in the criminal case.

[3] Under 18 U.S.C. § 3632(d)(4)(A), eligible inmates may earn up to 10 FSA credits for every 30 days of successful participation in evidence-based recidivism reduction programming or other productive activities. 18 U.S.C. § 3632(d)(4)(A). FSA credits can be applied "toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C). If an inmate's sentence includes a period of supervised release, a maximum of 365 days of credit can be applied to reduce the inmate's detention. *See* 18 U.S.C. § 3624(g)(3) ("[T]he Director of the [BOP] may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits under section 3632."). Any remaining earned FSA credits may then be applied toward the date an inmate becomes eligible for prelease custody placement. *See* 18 U.S.C. § 3632(d)(4)(C). Prerelease custody includes placement in home confinement or a residential reentry center. 18 U.S.C. § 3624(g)(2)(A)-(B).

[4] Both parties use the acronym "FTC" to refer to credits earned under the First Step Act. *See, e.g.* Docket 1 at 7; Docket 10 at 2-4. For ease of reference, the court uses "FSA" credits throughout this opinion but notes that the acronym FSA and FTC should be understood as synonymous.

release date. *Id.* ¶ 7; Docket 11-2 at 1. Barker has also received an additional 160 days of FSA credit, which can be applied toward his prerelease custody. Docket 11 ¶ 7; Docket 11-2 at 1.

In his § 2241 petition, however, Barker argues that he should have started accruing FSA credits on August 26, 2021, the date when he was sentenced. *See* Docket 1 at 6-7. Barker argues that respondent's failure to credit him with FSA credits starting from the date of his sentencing violates his constitutional rights. *Id.* at 6. Barker thus requests that the court order respondent to recalculate his FSA credits beginning on August 26, 2021, instead of February 18, 2022. *Id.* at 7.

Respondent moved to dismiss Barker's § 2241 petition, arguing that this court lacks subject matter jurisdiction to hear Barker's claims. Docket 9; Docket 10 at 3-5. Specifically, respondent argues that because Barker's petition does not challenge the duration of his detention or the validity of his conviction, the court lacks subject matter jurisdiction. Docket 10 at 4-5. Instead, respondent argues that Barker's petition seeks to attack the place of his confinement, an issue which respondent asserts is outside of the court's jurisdiction when considering a § 2241 petition. *Id.* In response, Barker argues that this court has jurisdiction because he "raises a challenge to the BOP's interpretation and implementation" of 18 U.S.C. § 3632(d)(4)(C). Docket 12; Docket 13 at 1.

3

**STANDARD OF REVIEW**

The court's review of the magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to a magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

**DISCUSSION**

Respondent objects to and argues that the magistrate judge erred in concluding that this court has jurisdiction over Barker's habeas petition. *See* Docket 16 at 1-2. In determining that this court had jurisdiction, the magistrate judge determined that Barker was "not challenging respondent's individualized calculation of his FSA credits," but rather, was "challenging the BOP's formally promulgated rule found in 28 C.F.R. § 523.42(a)." Docket 15 at 8. Respondent attacks this conclusion by asserting that because Barker has already received 365 days of FSA credit toward his supervised release date, the maximum allowed under 18 U.S.C. § 3624(g)(3), any additional FSA credits would apply toward Barker's potential placement in prerelease custody. *See* Docket 16 at 1-2; *see also* Docket 10 at 4. Thus, respondent concludes that Barker's claim is essentially a challenge to his place of confinement. Docket 16 at 2. And as such, respondent argues that because Barker is not challenging

4

the validity of his conviction or the length of his detention, the court does not have jurisdiction over his § 2241 petition. *Id.* at 1.

The Eighth Circuit has previously held that "[i]f the [petitioner] is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam); *see also Spencer v. Hayes*, 774 F.3d 467, 469-70 (8th Cir. 2014) (finding that petitioner's claim relating to the conditions of his confinement was not properly brought in a § 2241 petition because the petitioner did "not challenge his conviction, nor [did] he seek a remedy that would result in an earlier release from prison"). Because "[i]t is the substance of the relief sought which counts," where a habeas petitioner fails to attack the validity of his conviction or the length of his detention, "the district court lacks the power or subject matter jurisdiction to issue a writ." *Kruger*, 77 F.3d at 1073.

Further, where a petitioner challenges the place of his confinement in a § 2241 petition, this court is without jurisdiction to hear the habeas claim. *See, e.g., Renner v. Yankton*, 2025 WL 1079259, at *1 (D.S.D. Apr. 10, 2025) (determining that the court lacked jurisdiction to hear petitioner's § 2241 petition alleging that the BOP's decision not to release the petitioner to a residential reentry center violates the First Step Act); *see also Whitely v. Garrett*, 2025 WL 3767819, at *2 (E.D. Ark. May 29, 2025) (finding that the district court lacked jurisdiction over § 2241 petitioner's claim that he was entitled to immediate release into prerelease custody because habeas

petitioners "may not attack the place of their confinement"). This is because "whether incarcerated in a prison or jail, in a residential reentry center, or placed on home confinement, the placement decision is left solely to the BOP, not the district court." *Renner*, 2025 WL 1079259, at *1; *see also United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021).

      Many other district courts in the Eighth Circuit "have held repeatedly that a petition for a writ of habeas corpus is not the appropriate procedural vehicle through which to bring a claim concerning calculation of [FSA credits] that would affect only the date of potential placement in prerelease custody." *Faleide v. Eischen*, 2024 WL 5159313, at *1-2 (D. Minn. Nov. 13, 2024) (denying habeas petitioner's claim that his FSA credits should have started accruing from the date of his sentencing because "any additional [FSA credits the defendant] earns or demands in his Petition would be applied toward his pre-release custody placement date"). As such, where § 2241 petitioners have already had 365 days of FSA credit applied toward their supervised release date and any additional FSA credits would be applied toward potential placement in prerelease custody, courts have found that jurisdiction did not exist over the petitioners' claims because the petitioners were essentially challenging the placement of confinement. *See, e.g.*, *Powell v. Humphrey*, 2025 WL 2233978, at *2 (E.D. Ark. July 15, 2025) (finding that the court lacked jurisdiction to hear petitioner's § 2241 claim because the defendant had already earned 365-days of credit, and any remaining credit would "be applied toward placement in prerelease custody and [would] not affect his release

date"); *Henderson v. Eischen*, 2024 WL 4678496, at *2 (D. Minn. Nov. 5, 2024) (determining that the district court lacked jurisdiction over § 2241 petitioner's claim that the BOP miscalculated his FSA credits because petitioner already had 365-days' FSA credit applied to his sentence and any remaining FSA credits would only change the conditions of his confinement).

In his response to respondent's motion to dismiss, Barker denies that his claim is a challenge to his place of confinement because he is challenging "the BOP's interpretation and implementation" of 18 U.S.C. § 3632(d)(4)(C). Docket 12; Docket 13 at 1-2. The magistrate judge relied upon this argument in determining that the court had jurisdiction. *See* Docket 15 at 8 (asserting that the court had jurisdiction because Barker's challenge to "the BOP's formally promulgated rule . . . is exactly the type of claim 28 U.S.C. § 2241 was intended to encompass"). But as the Eighth Circuit has made clear, "[i]t is the substance of the relief sought which counts." *Kruger*, 77 F.3d at 1073. Thus, where a habeas petitioner fails to attack the validity of his conviction or the length of his detention, "the district court lacks the power or subject matter jurisdiction to issue a writ." *Id.*

Here, Barker asks the court to direct respondent to recalculate his FSA credits with a start date of August 26, 2021, rather than February 18, 2022. *See* Docket 1 at 6-7. The "substance of the relief sought" is an order requiring the BOP to recalculate his FSA credits, *Kruger*, 77 F.3d at 1073, not an order declaring that the BOP's rule found in 28 C.F.R. § 523.42(a) conflicts with 18 U.S.C. § 3632(d)(4)(C). Barker has already had 365 days of FSA credit applied

7

to his supervised release date, the maximum permitted under 18 U.S.C. § 3624(g)(3). *See* Docket 11 ¶ 7; Docket 11-2 at 1; *see also* 18 U.S.C. § 3624(g)(3). As such, any additional FSA credits Barker earned or will earn would be applied toward his potential placement date in prerelease custody and will not affect his release date. *See* Docket 11 ¶ 8; *see also* 18 U.S.C. § 3632(d)(4)(C). Thus, Barker's request for relief amounts to a challenge to his place of confinement rather than the duration or fact of his confinement. Because a writ of habeas corpus is not the proper vehicle to obtain the relief Barker seeks, *see, e.g.*, *Faleide*, 2024 WL 5159313, at *1-2, the court finds that it lacks subject matter jurisdiction over Barker's habeas petition.

## CERTIFICATE OF APPEALABILITY

"[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition." *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003) (citing 28 U.S.C. § 2253). "Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a [certificate of appealability] from a circuit justice or judge." *Id.* at 335-36. A certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that demonstrates "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court finds that Barker has made a substantial showing that his constitutional rights were denied. Consequently, a certificate of

8

appealability is granted on the issue of whether the district court has jurisdiction over Barker's habeas petition.

## CONCLUSION

Based on the foregoing, it is ORDERED:

1. That respondent's motion to dismiss (Docket 9) is granted. Barker's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Docket 1) is dismissed.

2. That the magistrate judge's report and recommendation (Docket 15) is rejected.

3. That respondent's objection (Docket 16) is sustained.

4. That Barker's emergency motion to advance (Docket 18) is denied as moot.

5. That Barker is issued a certificate of appealability.

Dated February 9, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE